**Electronically Filed**
**Supreme Court**
**SCPW-12-0001057**
**24-JAN-2013**
**10:32 AM**

SCPW-12-0001057

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

PATSY NAOMI SAKUMA, Petitioner,

vs.

THE HONORABLE BERT I. AYABE, Judge of the Circuit
Court of the First Circuit, State of Hawaiʻi, and
KAPONO F.H. KIAKONA, Attorney, Porter McGuire
Kiakona & Chow, LLP, Respondents.

---

ORIGINAL PROCEEDING
(CAAP-12-0000145; CAAP-11-0000054; CIV. NO. 07-1-1487-08)

ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF MANDAMUS
(By: Nakayama, Acting C.J., Acoba, McKenna, and Pollack, JJ., and
Circuit Judge Kubo, in place of Recktenwald, C.J., recused)

Upon consideration of petitioner Patsy Naomi Sakuma's petition for a writ of mandamus, which was filed on November 30, 2012, the documents attached thereto and submitted in support thereof, and the record, it appears that although the post-judgment motions have been pending since December 7, 2011 and December 13, 2011, petitioner filed several notices of appeal (CAAP-12-0000145 and CAAP-12-0000870) after filing the motions, which purported to divest the circuit court of jurisdiction over the motions. The appeals have recently been dismissed for lack

of jurisdiction and the circuit court appears to have jurisdiction over the pending motions. Therefore, although petitioner is entitled to a ruling on the motions, she is not entitled to an extraordinary writ at this time. See Kema v. Gaddis, 91 Hawai'i 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which he or she has a legal duty to act). Therefore,

IT IS HEREBY ORDERED that the petition is denied without prejudice.

DATED: Honolulu, Hawai'i, January 24, 2013.

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Edward H. Kubo, Jr.



2